# EXHIBIT A

Wolters Kluwer

**CT Corporation**
**Service of Process Notification**
07/10/2023
CT Log Number 544247885

## Service of Process Transmittal Summary

**TO:**     Alicia Zwink, Litigation Manager
Porsche Cars North America, Inc.
1 Porsche Dr
Atlanta, GA 30354-1654

**RE:**     **Process Served in California**

**FOR:**    Porsche Cars North America, Inc.  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: WILLIAM M. TURNER, individually and on behalf of all others similarly situated // To: Porsche Cars North America, Inc. |
| **CASE #:** | 23STCV15246 |
| **NATURE OF ACTION:** | Product Liability Litigation - Lemon Law |
| **PROCESS SERVED ON:** | C T Corporation System, GLENDALE, CA |
| **DATE/METHOD OF SERVICE:** | By Process Server on 07/10/2023 at 14:08 |
| **JURISDICTION SERVED:** | California |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 07/11/2023, Expected Purge Date: 07/16/2023 |
| | Image SOP |
| | Email Notification,  Kristen Cawley  kristen.cawley@porsche.us |
| | Email Notification,  Alicia Zwink  alicia.zwink@porsche.us |
| | Email Notification,  Chelsea Dennis  chelsea.dennis@porsche.us |
| | Email Notification,  Anissa Meachum  anissa.meachum@porsche.us |
| | Email Notification,  Lance Arnott  sopverification@wolterskluwer.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System |
| | 330 N BRAND BLVD |
| | STE 700 |
| | GLENDALE, CA 91203 |
| | 800-448-5350 |
| | MajorAccountTeam1@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:**                               Mon, Jul 10, 2023
**Server Name:**                        DROP SERVICE

| | |
|---|---|
| Entity Served | PORSCHE CARS NORTH AMERICA INC |
| Case Number | 23STCV15246 |
| Jurisdiction | CA |

| Inserts | | |
|---|---|---|
| | | |



**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
PORSCHE CARS NORTH AMERICA, INC., a Delaware corporation, and DOES 1
through 20, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
WILLIAM M. TURNER, individually and on behalf of all others similarly situated

**Electronically FILED by
Superior Court of California,
County of Los Angeles
6/29/2023 3:18 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By J. Nunez, Deputy Clerk**

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>LOS ANGELES SUPERIOR COURT<br>111 N. Hill St.<br>Los Angeles, CA 90012 | CASE NUMBER:<br>*(Número del Caso):*<br>23STCV15246 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Law + Brandmeyer, LLP      (626) 243-5500 tel / (626) 243-4799 fax
385 E. Colorado Blvd., Ste. 200, Pasadena, CA 91101

| DATE:<br>*(Fecha)* 06/29/2023 | Clerk, by David W. Slayton, Executive Officer/Clerk of Court, Deputy<br>*(Secretario)*      J. Nunez      *(Adjunto)* |
|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Porsche Cars North America
   Inc, a Delaware corporation
   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)         ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courts.ca.gov* |
|---|---|---|

**LAW + BRANDMEYER LLP**
Kent T. Brandmeyer (State Bar No. 140533)
Yuk K. Law (State Bar No. 138928)
Zachary Schwake (State Bar No. 302556)
385 E. Colorado Boulevard, Suite 200
Pasadena, California 91101-1988
Telephone:     (626) 243-5500
Facsimile:     (626) 243-4799

Attorneys for Plaintiff William M. Turner

Electronically FILED by
Superior Court of California,
County of Los Angeles
6/29/2023 3:18 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By J. Nunez, Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| WILLIAM M. TURNER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>PORSCHE CARS NORTH AMERICA, INC., a Delaware corporation, and DOES 1 through 20, inclusive,<br><br>Defendants. | CASE NO.  23STCV15246<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR:**<br><br>1.  **Violations of the Song-Beverly Consumer Warranty Act – Civil Code section 1793.2;**<br>2.  **Violation of the False Advertising Law - Business and Professions Code section 17500;**<br>3.  **Violations of the Unfair Competition Law - California Business and Professions Code section 17200; and**<br>4.  **Violations of the Consumers Legal Remedies Act – Civil Code section 1770.** |

Plaintiff William M. Turner alleges as follows:

## NATURE OF THE CASE

1.      This case concerns Defendants' advertising and sales of defective 2020 and 2021 Taycan (base, 4S, Turbo, and Turbo S) automobiles. Defendants advertised model year 2020 and 2021 Taycan as having, among other features: (1) a state-of-the-art cockpit display; (2) integrated Apple CarPlay and an Infotainment System with Apple Music built in; (3) air conditioning (including heating); (4) a mobile phone app that controls charging the car, displays the status of charging, and

1  controls the air conditioning; (5) a Smart Lift system that is geolocation based so that the car will

2  remember locations where lifting the car for greater clearance is desired and automatically lifts the car

3  when at those locations; and (6) wireless mobile phone charging. However, Defendants knew that the

4  2020 and 2021 Taycans were not ready for market and that none of these features functioned well,

5  much less well enough to represent to consumers that the cars had these features and to collect payments

6  from consumers as if the features functioned sufficiently well. Nevertheless, Defendants sold and

7  leased hundreds of falsely advertised, collecting millions of dollars from consumers, including Plaintiff

8  William M. Turner. In doing so, and in failing to promptly repair 2020 and 2021 Taycans and

9  compensate consumers for the difference in value of what consumers paid and what they received, and

10  other damages, Defendants violated California's "lemon law," the Song-Beverly Consumer Warranty

11  Act (Cal. Civ. Code § 1793.2), California's False Advertising Law (Cal. Bus. & Prof. Code § 17500)

12  (the "FAL"), California's Unfair Competition Law (Cal. Bus. & Prof. Code § 17200) (the "UCL"), and

13  California's Consumers Legal Remedies Act (Cal. Civ. Code § 1770(a)(6), (9)) (the "CLRA"), and

14  Plaintiff and other consumers are entitled to restitution, compensatory damages, and punitive damages.

15  **PARTIES**

16  2.      Plaintiff Turner is a resident of Los Angeles County, California.

17  3.      Plaintiff seeks relief in his individual capacity and seeks to represent a class consisting

18  of all others who are similarly situated.

19  4.      Plaintiff is informed and believes and thereon alleges that Defendant Porsche Cars North

20  America, Inc. was and is corporation organized and existing under and by virtue of the laws of the state

21  of Delaware, doing business in the State of California, and maintaining offices within the County of

22  Los Angeles, California, among other places in the state.

23  5.      The true names and capacities of defendants Does 1 through 20, whether individual,

24  corporate, associate or otherwise, are unknown to Plaintiff, who therefore sues said defendants by such

25  fictitious names. Plaintiff is informed and believes and thereon alleges that each of the defendants

26  fictitiously named herein as Doe is legally responsible in some manner for the events and happenings

27  hereinafter alleged and/or is legally affiliated with Defendant Porsche Cars North America, Inc.

28  ///

1  **JURISDICTION AND VENUE**

2  6.    This court has subject matter jurisdiction over this action pursuant to California Code of

3  Civil Procedure section 410.10, California Business and Professions Code sections 17203, 17204,

4  17535, and California Civil Code section 1780.  This court has personal jurisdiction over the parties

5  because Plaintiff submits to the jurisdiction of the court and Defendant systematically and continually

6  does business in the County of Los Angeles, State of California.

7  7.    Venue is proper in this court pursuant to California Code of Civil Procedure sections

8  395 and 395.5, California Business and Professions Code sections 17203, 17204, and 17535, and

9  California Civil Code section 1780(d) because Defendant Porsche Cars North America, Inc. does

10  business in this county.  The declaration of Plaintiff stating facts showing that this action has been

11  commenced in a proper place for trial is attached.

12  **DEFENDANTS' UNLAWFUL BUSINESS PRACTICE**

13  8.    Defendants advertised model year 2020 and 2021 Taycan cars as having, among other

14  features: (1) a state-of-the-art cockpit display; (2) integrated Apple CarPlay and an Infotainment

15  System with Apple Music built in; (3) air conditioning (including heating); (4) a mobile phone app that

16  controls charging the car, displays the status of charging, and controls the air conditioning; (5) a Smart

17  Lift system that is geolocation based so that the car will remember locations where lifting the car for

18  greater clearance is desired and automatically lifts the car when at those locations; and (6) wireless

19  mobile phone charging.  However, Defendants knew that 2020 and 2021 Taycans were not ready for

20  market and that none of these features functioned well, much less well enough to represent to consumers

21  that the cars had these features and to collect payments from consumers as if the features functioned

22  sufficiently well.  Nevertheless, Defendants sold and leased thousands of falsely advertised 2020 and

23  2021 Taycans, collecting millions of dollars from consumers, including Plaintiff.  In doing so, and in

24  failing to promptly repair 2020 and 2021 Taycans, failing to compensate consumers for the difference

25  in value of what consumers paid and what they received, and causing consumers other damages,

26  Defendants violated California's "lemon law," the FAL, the UCL, and the CLRA.

27  ///

28  ///

1    **PLAINTIFF'S EXPERIENCE WITH DEFENDANTS' UNLAWFUL SCHEME**

2        9.    In April of 2021, Plaintiff had an order pending for a Tesla Model S, but he was informed

3    that delivery of the car would not occur until significantly later that year. Being disinclined to wait,

4    Plaintiff researched other electric cars. Plaintiff visited the Porsche USA website and the Rusnak

5    Westlake Porsche website and viewed the advertising on those sites concerning the 2021 Porsche

6    Taycan. Those websites advertised 2020 and 2021 Taycans as having the following features, among

7    others: (1) a state-of-the-art cockpit display; (2) integrated Apple CarPlay and an Infotainment System

8    with Apple Music built in; (3) air conditioning (including heating); (4) a mobile phone app that controls

9    charging the car, displays the status of charging, and controls the air conditioning; and (5) a Smart Lift

10    system that is geolocation based so that the car will remember locations where lifting the car for greater

11    clearance is desired and automatically lifts the car when at those locations. When Defendants made

12    these representations, Defendants knew or should have known that these features did not and would

13    not work well or as advertised. Based on the 2020 and 2021 Taycans having these features, among

14    others, and ignorant of the fact that those features did not work or work sufficiently well, Plaintiff

15    decided to lease a 2021 Taycan.

16        10.    On May 18, 2021, at the Rusnak Westlake Porsche dealership, Plaintiff leased a 2021

17    Taycan 4S. Plaintiff made a down payment on that date and made monthly lease payments thereafter.

18        11.    On Plaintiff's drive home from Rusnak Westlake Porsche, Apple CarPlay and the

19    wireless mobile phone charging did not function properly. While in the car, Plaintiff called the Rusnak

20    Westlake Porsche salesperson with whom he had been communicating and who had shown Plaintiff

21    the features of the car. The salesperson said that he could not explain the situation and that Plaintiff

22    should call the next day if those features were still not working.

23        12.    Soon thereafter, Plaintiff was notified of a recall regarding the computer system.

24    Plaintiff was hopeful when he took the car in for the recall because, since he had gotten the car:

25    (1) sometimes Apple CarPlay did not work at all; (2) frequently the part of the dashboard that was

26    supposed to display Apple CarPlay, the radio, the controls for the car, etc. remained blank/black for the

27    entire drive; (3) when Apple CarPlay worked, 95% of the time it took more than 60 seconds to connect,

28    and 20% of the time, it took more than five minutes to connect; (4) it frequently took several minutes

1   for Plaintiff to be able to use the radio; (5) Plaintiff's "favorites" for radio stations were repeatedly
2   deleted, requiring that Plaintiff reset them as "favorites"; (6) the wireless charging frequently did not
3   work, and, when it did work, it took two to 20 minutes for charging to start; and (7) the Smart Lift
4   system frequently did not work, resulting in the car scraping the ground (potentially causing damage to
5   the car).

6       13.     After this first recall for the computer system, none of the problems identified above
7   were eliminated, but some were slightly improved.  Apparently knowing that this first recall did not fix
8   the problems with the computer systems on 2021 Taycans, within a few months after the first recall,
9   Plaintiff was notified of a second recall for the computer system.  Plaintiff hoped that the problems
10  identified above would be rectified with the second recall.  When Plaintiff brought the car in for the
11  second recall regarding the computer system, the employee at the Porsche dealership assigned to handle
12  supervise the servicing of Plaintiff's vehicle, asked Plaintiff how he liked the car.  Plaintiff responded
13  that he liked the way it drives, but everything else was frustrating, and Plaintiff mentioned most of the
14  problems identified above.  The Porsche employee responded that Plaintiff's experience was typical of
15  others with 2021 Taycans, and that the 2021 Taycan had bugs that Porsche had been unable to eliminate.

16      14.     As with the first recall, the second recall did not eliminate the problems, only some were
17  slightly improved.  Plaintiff was extremely frustrated and sent an email to Porsche informing it of most
18  of the problems identified above and his frustration.  Plaintiff asked that he be compensated for having
19  paid, and continuing to pay, for a car with features that had been advertised and not provided.  Porsche
20  declined Plaintiff's request.

21      15.     Shortly after Plaintiff sent this complaint to Porsche, Plaintiff received notice of a third
22  recall regarding the computer system.  When Plaintiff brought his car in for the recall, Plaintiff
23  remarked to the Porsche service employee with whom Plaintiff had previously spoken that the situation
24  was unacceptable and that he had complained to Porsche.  The service employee responded again that
25  Plaintiff's experience was typical of the experiences of the other 2020 and 2021 Taycan owners/lessees.

26      16.     After this third recall, and Plaintiff having paid for the car for more than a year, most of
27  the problems identified above were completely, or nearly completely, resolved.  The only problems
28  identified above that were not resolved completely or nearly completely were that the radio "favorites"

continued to be lost and required resetting, and the problems with the Smart Lift system did not improve. In addition, the computer system had what Plaintiff believes to be a new problem: the radio and CarPlay do not work well together in that one overrides the other frequently and unexpectedly. For example, frequently when Plaintiff is listening to the radio, CarPlay will kick in unexpectedly, overriding the radio and forcing Plaintiff to click two or three options on the dashboard to get back to the radio. Plaintiff is not certain that this is a new problem because he believes it is possible that the more severe problems that previously existed masked this problem.

17.     Plaintiff drove the car for nearly another year, paying full price and continuing to be frustrated, before his heating ceased working altogether in the winter of 2022-2023. When Plaintiff attempted to heat the car, by regular air conditioning or defrost, it blew cold air. Plaintiff called Rusnak Pasadena Porsche to schedule an appointment for the air conditioning to be fixed. Plaintiff's appointment was scheduled for March 16, 2023. After Plaintiff arrived at Rusnak Pasadena Porsche, he was informed that: (1) this was a common problem on 2020 and 2021 Taycans; (2) they did not have the part(s) required to fix the problem; (3) it would take three to four weeks, or more, to obtain the part(s) required to fix the problem; (4) they did not have a "loaner" vehicle for Plaintiff to use while they waited for the part(s) required to fix the car; and (5) the first date on which a "loaner" would be available to Plaintiff would be April 28, 2023, and they would need to keep the car for three to four weeks, or more, thereafter to obtain the part(s) required to fix the problem. Defeated, Plaintiff made an appointment to bring the car back on April 28, 2022, to have the heating fixed.

18.     Plaintiff then sent several emails to Porsche informing it of the situation, including that he was paying full price for a car that had no heating in the winter and that it was very uncomfortable to drive in the morning and night under these conditions. Plaintiff requested that Porsche make a proposal to resolve or address the situation. Porsche refused to make a proposal, demanding that Plaintiff make a request. Plaintiff explained that he was not aware of the options that might be available or economical for Porsche in those circumstances, he stated that he preferred not to exercise his option under the law of returning the car and obtaining restitution of all of the money he had paid for the car, and he again asked Porsche to make a proposal. Porsche again refused to make a proposal. Consequently, Plaintiff informed Porsche that he would return the car, he demanded a refund of the

1  amounts he had paid for the car, and he requested instructions for returning the car. Porsche responded

2  that it would not discuss providing any compensation to Plaintiff until after the car was fixed, which

3  would take six to ten weeks. At his wit's end, Plaintiff returned the car on April 9, 2023.

### CLASS ACTION ALLEGATIONS

5  19.   Plaintiff repeats and realleges each and every fact, matter and allegation set forth in

6  paragraphs 1 through 18 above and incorporates them at this point by this reference as though set forth

7  in full.

8  20.   Plaintiff brings this action on behalf of himself and, pursuant to California Code of Civil

9  Procedure section 382 and California Civil Code section 1781, on behalf of all other persons who

10  bought or leased a 2020 or 2021 Taycan in California (the "Class"). Excluded from the Class are

11  Defendants, any parent, affiliate, subsidiary entity or entity in which any Defendant has a controlling

12  interest, officers, directors and employees of any Defendant, the members of their immediate families,

13  their heirs, successors and assigns.

14  21.   The Class likely consists of thousands of persons who purchased products from

15  Defendants in the past four years. The membership of the Class is so numerous and dispersed

16  geographically that actual joinder of all of the Class members is impracticable.

17  22.   Plaintiff's claims are typical of the claims of the members of the Class because Plaintiff

18  and each member of the Class were exposed to the same unlawful business practice described herein.

19  23.   Plaintiff is a proper representative of the Class and will fairly represent and protect the

20  interests of the Class because, among other things, his interests do not conflict with the interests of the

21  Class.

22  24.   Plaintiff's attorneys are skilled and experienced in complex litigation matters.

23  25.   Common questions of law and fact exist as to all members of the Class and predominate

24  over questions that impact only individual members of the Class. Among the many questions of law

25  and fact common to the Class are the following:

26  (i)   whether Defendants' advertising of 2020 and 2021 Taycans was likely to

27  mislead reasonable consumers;

28  ///

(ii)    whether Defendants' representations in the alleged advertising were and are false or misleading;

(iii)   whether Defendants advertised products without the intent to sell the products as advertised;

(iv)    whether reliance on Defendants' misrepresentations and omissions is presumed;

(v)     whether Defendants' business practice alleged herein is fraudulent under the UCL;

(vi)    whether Defendants' business practice alleged herein is unfair under the UCL;

(vii)   whether Defendants' acts alleged herein were and are unlawful;

(viii)  whether Defendants repaired 2020 and 2021 Taycans to conform to the applicable express warranties, advertisements, and representations after a reasonable number of attempts;

(ix)    whether, after failing to promptly repair 2020 and 2021 Taycans to conform to the applicable express warranties, advertisements, and representations after a reasonable number of attempts replace the 2020 and 2021 Taycans, Defendants failed to replace the cars or promptly make restitution;

(x)     whether consumers suffered and continue to suffer damage as a result of Defendants' acts alleged herein;

(xi)    the extent of the damage suffered by consumers as a result of Defendants' acts alleged herein;

(xii)   whether Defendants' acts alleged herein were and are unfair;

(xiii)  whether Defendants represented that 2020 and 2021 Taycans had characteristics, uses, benefits, or quantities that they do not have;

(xiv)   whether Defendants advertised, solicited, or represented by any means, a product for sale or purchase when it was intended to entice a consumer into a transaction different from that originally represented;

(xv)    whether Defendants should be enjoined from continuing to commit the business acts and practices described herein; and

(xvi)    whether Defendants acted with oppression, fraud or malice, warranting punitive damages.

The predominance of these common questions creates a well-defined community of interest among the Class members.

28.    In addition, the prosecution of separate actions by members of the Class would create a risk of inconsistent or varying adjudications which would establish incompatible standards of conduct for Defendants, while adjudications with respect to the Class and Plaintiff would, as a practical matter, be dispositive of the interests of the other members of the Class.

29.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy because the Class is both numerous and its membership is geographically widespread.  Furthermore, as the individual damages of any one member of the Class is relatively small, the expense and burden of individual litigation make it impossible for the members of the Class to redress individually the wrongs committed against them and the damages suffered by them.  Plaintiff knows of no difficulty that should be encountered in the management of this litigation that would preclude the maintenance of this suit as a class action.

## FIRST CAUSE OF ACTION

### Violations of the Song-Beverly Consumer Warranty Act – Civil Code Section 1793.2

### (By Plaintiff and on Behalf of the Class Against All Defendants)

30.    Plaintiff repeats and realleges each and every fact, matter and allegation set forth in paragraphs 1 through 29 above and incorporates them at this point by this reference as though set forth in full.

31.    Defendants' acts alleged herein constitute violations of California's "lemon law," and caused damage to Plaintiff and the Class.

32.    Defendants' acts alleged herein were oppressive, fraudulent, and malicious, and were done with the intention on the part of Defendants of depriving Plaintiff and the Class of property and their legal rights; therefore, an award of punitive damages is warranted.

## SECOND CAUSE OF ACTION

### Violations of California Business and Professions Code Section 17500

### (By Plaintiff and on Behalf of the Class Against All Defendants)

33.    Plaintiff repeats and realleges each and every fact, matter and allegation set forth in paragraphs 1 through 29 above and incorporates them at this point by this reference as though set forth in full.

34.    Defendants' acts alleged herein constitute false advertising in violation of the FAL. Defendants acted knowingly, recklessly and in conscious disregard of the true facts in perpetuating its deceptive scheme and causing injuries to Plaintiff and the Class.

35.    Plaintiff and the Class have been misled and unfairly induced to enter into transactions and to overpay for 2020 and 2021 Taycans.  As a result of Defendants' false or misleading advertising, misrepresentations, and omissions, Plaintiff and the Class have been injured in amounts not less than the amounts they overpaid for products, which amounts have not yet been ascertained, but are believed to exceed ten million dollars ($10,000,000) in the aggregate.  These amounts have been paid to Defendants by Plaintiff and the Class and should be restored to them.

## THIRD CAUSE OF ACTION

### Violations of California Business and Professions Code Section 17200

### (By Plaintiff and on Behalf of the Class Against All Defendants)

36.    Plaintiff repeats and realleges each and every fact, matter and allegation set forth in paragraphs 1 through 35 above, and 40 through 47 below and incorporates them at this point by this reference as though set forth in full.

37.    Defendants have engaged in business acts and practices that, as alleged above, constitute unfair competition in violation of the UCL. Specifically, Defendants' acts alleged herein are fraudulent, unfair, and likely to deceive the general public, and Defendants' acts alleged herein are unlawful in that they violate the Song-Beverly Consumer Warranty Act (Cal. Civ. Code § 1793.2), the FAL, and sections 1770(a)(5), (9), and (16) of the CLRA, as well as other federal and state statutes and regulations.

///

38.     As a result of Defendants' unfair, fraudulent, and unlawful business practices alleged herein, Plaintiff and the Class have been injured in amounts not less than the amounts they overpaid for products, which amounts have not yet been ascertained, but are believed to exceed ten million dollars ($10,000,000) in the aggregate.  These amounts have been paid to Defendants by Plaintiff and the Class and should be restored to them.

## FOURTH CAUSE OF ACTION

### Violations of the California Consumers Legal Remedies Act

### (By Plaintiff and on Behalf of the Class Against All Defendants)

39.     Plaintiff repeats and realleges each and every fact, matter and allegation set forth in paragraphs 1 through 29 above and incorporates them at this point by this reference as though set forth in full.

40.     At all relevant times, Plaintiff was a "consumer" as defined by California Civil Code section 1761(d).

41.     At all relevant times, Defendants' products constituted "goods" as defined by California Civil Code section 1761(a).

42.     At all relevant times, each Defendant constituted a "person" as defined by California Civil Code section 1761(c).

43.     At all relevant times, Plaintiff and each of the class member's purchases of Defendants' goods constituted a "transaction" as defined by California Civil Code section 1761(e).

44.     The CLRA provides that it is unlawful to: (i) advertise good as having characteristics, uses, benefits, or quantities that they do not have; and (ii) advertise goods or services with the intent not to sell them as advertised.  Cal. Civ. Code §§ 1770(a)(5), (9).  Defendants' acts alleged herein violate the CLRA.

45.     Defendants' acts alleged herein were oppressive, fraudulent, and malicious, and were done with the intention on the part of Defendants of depriving Plaintiff and the Class of property and their legal rights; therefore, an award of punitive damages is warranted.

46.     Plaintiff and the putative class are entitled to recover attorney's fees and costs pursuant to California Civil Code section 1780(d).

47.     On April 3, 2022, pursuant to California Civil Code section 1782, Plaintiff notified Defendants in writing that their business practices described herein violate the CLRA.   Plaintiff demanded that Defendants correct or otherwise rectify the unlawful business practices by no later than May 8, 2022. Defendants did not agree to correct or otherwise rectify the violations within a reasonable time.

**WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

**ON THE SECOND AND THIRD CAUSES OF ACTION**

1.     For an order requiring Defendants to restore all monies that Defendants acquired from Plaintiff and the Class as a result of their false advertising, and unfair, unlawful, and fraudulent business acts and practices;

2.     Interest on all such sums restored at the maximum legal rate;

3.     For an award of attorney's fees to Plaintiff's counsel pursuant to Code of Civil Procedure section 1021.5 and/or the catalyst theory;

4.     For costs of suit incurred in this action; and

5.     For such other and further relief as the court may deem just and proper.

**ON THE FIRST AND FOURTH CAUSE OF ACTION**

1.     Actual damages to Plaintiff and the Class in amounts according to proof;

2.     For an order requiring Defendants to restore all monies that Defendants acquired from Plaintiff and the Class as a result of the unlawful business practices described herein;

3.     Interest on all such damages and sums restored at the maximum legal rate;

4.     For an order requiring Defendants to disgorge all of their ill-gotten gains;

5.     For an award of costs and attorney's fees to Plaintiff's counsel pursuant to California Civil Code section 1780(d), California Code of Civil Procedure section 1021.5, and the catalyst theory;

6.     For punitive damages, pursuant to California Civil Code sections 1780(a)(4) and 3294, in an amount appropriate to punish Defendants and deter others from engaging in similar misconduct; and

7.    For such other and further relief as the court may deem just and proper.

DATED: June 29, 2023                              **Law + Brandmeyer LLP**

By:_____

                                        KENT T. BRANDMEYER
                                        Attorneys for Plaintiff William Turner

CLASS ACTION COMPLAINT

## DECLARATION OF WILLIAM M. TURNER

I, William Turner, declare that:

1.      I have personal knowledge of the facts stated herein and could and would testify competently thereto if sworn as a witness.

2.      I am informed and believe that Porsche Cars North America, Inc. is doing business in Los Angeles County, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on June 26, 2023.


_____
William M. Turner

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* (SBN 149228 / 138928 / 302556)<br>Kent T. Brandmeyer, Esq./Yuk K. Law, Esq./Zachary Schwake, Esq.<br>Law + Brandmeyer LLP<br>385 E. Colorado Blvd., Ste. 200, Pasadena, CA 91101<br>TELEPHONE NO.: 626-243-5500    FAX NO. *(Optional)*: 626-243-4799<br>E-MAIL ADDRESS:<br>ATTORNEY FOR *(Name):* Plaintiff WILLIAM M. TURNER | FOR COURT USE ONLY<br><br>Electronically FILED by<br>Superior Court of California,<br>County of Los Angeles<br>6/29/2023 3:18 PM<br>David W. Slayton,<br>Executive Officer/Clerk of Court,<br>By J. Nunez, Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 N. Hill St.
MAILING ADDRESS: 111 N. Hill St.
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: CENTRAL - STANLEY MOSK COURTHOUSE

CASE NAME:
WILLIAM M. TURNER, etc. v. PORSCHE CARS NORTH AMERICA, INC., etc, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [x] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter    [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | 23STCV15246 |
| | | | | JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[X] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [X] is    [ ] is not    complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties    d. [X] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve    e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. [X] Substantial amount of documentary evidence    f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. [X] monetary   b. [X] nonmonetary; declaratory or injunctive relief  c. [X] punitive
4. Number of causes of action *(specify):* Four
5. This case [X] is    [ ] is not    a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: June 29, 2023
KENT T. BRANDMEYER
_____
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev.September 1, 2021] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courts.ca.gov* |

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET** — CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases, only parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
 Asbestos Property Damage
 Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
 Medical Malpractice– Physicians & Surgeons
 Other Professional Health Care Malpractice
Other PI/PD/WD (23)
 Premises Liability (e.g., slip and fall)
 Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
 Intentional Infliction of Emotional Distress
 Negligent Infliction of Emotional Distress
 Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
 Legal Malpractice
 Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
 Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
 Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
 Negligent Breach of Contract/ Warranty
 Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
 Collection Case–Seller Plaintiff
 Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
 Auto Subrogation
 Other Coverage
Other Contract (37)
 Contractual Fraud
 Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
 Writ of Possession of Real Property
 Mortgage Foreclosure
 Quiet Title
 Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
 Writ–Administrative Mandamus
 Writ–Mandamus on Limited Court Case Matter
 Writ–Other Limited Court Case Review
Other Judicial Review (39)
 Review of Health Officer Order
 Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
 Abstract of Judgment (Out of County)
 Confession of Judgment *(non-domestic relations)*
 Sister State Judgment
 Administrative Agency Award *(not unpaid taxes)*
 Petition/Certification of Entry of Judgment on Unpaid Taxes
 Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
 Declaratory Relief Only
 Injunctive Relief Only *(non-harassment)*
 Mechanics Lien
 Other Commercial Complaint Case *(non-tort/non-complex)*
 Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
 Civil Harassment
 Workplace Violence
 Elder/Dependent Adult Abuse
 Election Contest
 Petition for Name Change
 Petition for Relief From Late Claim
 Other Civil Petition

| SHORT TITLE | CASE NUMBER |
|---|---|
| TURNER v. PORSCHE CARS NORTH AMERICA, INC. | 23STCV15246 |

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION

### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

| This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court |
|---|

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Courthouse Location (Column C) | |
|---|---|
| 1. Class Actions must be filed in the Stanley Mosk Courthouse, Central District. | 7. Location where petitioner resides. |
| 2. Permissive filing in Central District. | 8. Location wherein defendant/respondent functions wholly. |
| 3. Location where cause of action arose. | 9. Location where one or more of the parties reside. |
| 4. Location where bodily injury, death or damage occurred. | 10. Location of Labor Commissioner Office. |
| 5. Location where performance required, or defendant resides. | 11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection). |
| 6. Location of property or permanently garaged vehicle. | |

| | A Civil Case Cover Sheet Case Type | B Type of Action (check only one) | C Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ 2201 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | Uninsured Motorist (46) | ☐ 4601 Uninsured Motorist – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| **Other Personal Injury/ Property Damage/ Wrongful Death** | Other Personal Injury/ Property Damage/ Wrongful Death (23) | ☐ 2301 Premise Liability (e.g., dangerous conditions of property, slip/trip and fall, dog attack, etc.) | 1, 4 |
| | | ☐ 2302 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, battery, vandalism, etc.) | 1, 4 |
| | | ☐ 2303 Intentional Infliction of Emotional Distress | 1, 4 |
| | | ☐ 2304 Other Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | | ☐ 2305 Elder/Dependent Adult Abuse/Claims Against Skilled Nursing Facility | 1, 4 |
| | | ☐ 2306 Intentional Conduct – Sexual Abuse Case (in any form) | 1, 4 |

| SHORT TITLE | CASE NUMBER |
|---|---|
| TURNER v. PORSCHE CARS NORTH AMERICA, INC. | |

| | A<br>Civil Case Cover<br>Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable<br>Reasons (see<br>Step 3 above) |
|---|---|---|---|
| **Other Personal Injury/ Property Damage/ Wrongful Death** | | ☐ 2307 Construction Accidents | 1, 4 |
| | | ☐ 2308 Landlord – Tenant Habitability (e.g., bed bugs, mold, etc.) | 1, 4 |
| | Product Liability (24) | ☐ 2401 Product Liability (not asbestos or toxic/ environmental) | 1, 4 |
| | | ☐ 2402 Product Liability – Song-Beverly Consumer Warranty Act (CA Civil Code §§1790-1795.8) (Lemon Law) | 1, 3, 5 |
| | Medical Malpractice (45) | ☐ 4501 Medical Malpractice – Physicians & Surgeons | 1, 4 |
| | | ☐ 4502 Other Professional Health Care Malpractice | 1, 4 |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☑ 0701 Other Commercial/Business Tort (not fraud or breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ 0801 Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ 1301 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ 1601 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ 2501 Legal Malpractice | 1, 2, 3 |
| | | ☐ 2502 Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ 3501 Other Non-Personal Injury/Property Damage Tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ 3601 Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ 1501 Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ 1502 Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract / Warranty (06) (not insurance) | ☐ 0601 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ 0602 Contract/Warranty Breach – Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ 0603 Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ 0604 Other Breach of Contract/Warranty (no fraud/ negligence) | 1, 2, 5 |
| | | ☐ 0605 Breach of Rental/Lease Contract (COVID-19 Rental Debt) | 2, 5 |
| | Collections (09) | ☐ 0901 Collections Case – Seller Plaintiff | 5, 6, 11 |
| | | ☐ 0902 Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ 0903 Collections Case – Purchased Debt (charged off consumer debt purchased on or after January 1, 2014) | 5, 6, 11 |
| | | ☐ 0904 Collections Case – COVID-19 Rental Debt | 5, 11 |
| | Insurance Coverage (18) | ☐ 1801 Insurance Coverage (not complex) | 1, 2, 5, 8 |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE | CASE NUMBER |
|---|---|
| TURNER v. PORSCHE CARS NORTH AMERICA, INC. | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Contract** (Continued) | Other Contract (37) | ☐ 3701 Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ 3702 Tortious Interference | 1, 2, 3, 5 |
| | | ☐ 3703 Other Contract Dispute (not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/ Inverse Condemnation (14) | ☐ 1401 Eminent Domain/Condemnation<br>               Number of Parcels _____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ 3301 Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ 2601 Mortgage Foreclosure | 2, 6 |
| | | ☐ 2602 Quiet Title | 2, 6 |
| | | ☐ 2603 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer – Commercial (31) | ☐ 3101 Unlawful Detainer – Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Residential (32) | ☐ 3201 Unlawful Detainer – Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Post Foreclosure (34) | ☐ 3401 Unlawful Detainer – Post Foreclosure | 2, 6, 11 |
| | Unlawful Detainer – Drugs (38) | ☐ 3801 Unlawful Detainer – Drugs | 2, 6, 11 |
| **Judicial Review** | Asset Forfeiture (05) | ☐ 0501 Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ 1101 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ 0201 Writ – Administrative Mandamus | 2, 8 |
| | | ☐ 0202 Writ – Mandamus on Limited Court Case Matter | 2 |
| | | ☐ 0203 Writ – Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ 3901 Other Writ/Judicial Review | 2, 8 |
| | | ☐ 3902 Administrative Hearing | 2, 8 |
| | | ☐ 3903 Parking Appeal | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ 0301 Antitrust/Trade Regulation | 1, 2, 8 |
| | Asbestos (04) | ☐ 0401 Asbestos Property Damage | 1, 11 |
| | | ☐ 0402 Asbestos Personal Injury/Wrongful Death | 1, 11 |

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

| SHORT TITLE | CASE NUMBER |
|---|---|
| TURNER v. PORSCHE CARS NORTH AMERICA, INC. | |

| | A Civil Case Cover Sheet Case Type | B Type of Action (check only one) | C Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Provisionally Complex Litigation (Continued)** | Construction Defect (10) | ☐ 1001 Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ 4001 Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ 2801 Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ 3001 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ 4101 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ 2001 Sister State Judgment | 2, 5, 11 |
| | | ☐ 2002 Abstract of Judgment | 2, 6 |
| | | ☐ 2004 Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ 2005 Petition/Certificate for Entry of Judgment Unpaid Tax | 2, 8 |
| | | ☐ 2006 Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ 2701 Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (not specified above) (42) | ☐ 4201 Declaratory Relief Only | 1, 2, 8 |
| | | ☐ 4202 Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ 4203 Other Commercial Complaint Case (non-tort/noncomplex) | 1, 2, 8 |
| | | ☐ 4204 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ 2101 Partnership and Corporation Governance Case | 2, 8 |
| | Other Petitions (not specified above) (43) | ☐ 4301 Civil Harassment with Damages | 2, 3, 9 |
| | | ☐ 4302 Workplace Harassment with Damages | 2, 3, 9 |
| | | ☐ 4303 Elder/Dependent Adult Abuse Case with Damages | 2, 3, 9 |
| | | ☐ 4304 Election Contest | 2 |
| | | ☐ 4305 Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ 4306 Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ 4307 Other Civil Petition | 2, 9 |

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

| SHORT TITLE | CASE NUMBER |
|---|---|
| TURNER v. PORSCHE CARS NORTH AMERICA, INC. | |

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address, which is the basis for the filing location including zip code. (No address required for class action cases.)

| REASON: ☑ 1. ☐ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11 | ADDRESS: |
|---|---|

| CITY: | STATE: | ZIP CODE: |
|---|---|---|

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the <u>Central</u> District of the Superior Court of California, County of Los Angeles [Code of Civ. Proc., 392 et seq., and LASC Local Rule 2.3(a)(1)(E)]

Dated:   6-29-23

(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form LASC CIV 109 (01/23).
5. Payment in full of the filing fee, unless there is a court order for waiver, partial or schedule payments.
6. A signed order appointing a Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court to issue a Summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the Summons and Complaint, or other initiating pleading in the case.

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Spring Street Courthouse<br>312 North Spring Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**06/29/2023**<br>David W. Slayton, Executive Officer / Clerk of Court<br>By: _____ J. Nunez _____ Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br><br>**UNLIMITED CIVIL CASE** | |
| Your case is assigned for all purposes to the judicial officer indicated below. | CASE NUMBER:<br>23STCV15246 |

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✔ | Yvette M. Palazuelos | 9 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record    David W. Slayton, Executive Officer / Clerk of Court

on 06/30/2023 _____    By J. Nunez _____, Deputy Clerk
     (Date)

LACIV 190 (Rev 6/18)                    **NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**
LASC Approved 05/06

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007.  They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed.  Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint.  Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date.  All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference.  These matters may be heard and resolved at this conference.  At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules.  Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction.  Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status.  If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

 **Superior Court of California, County of Los Angeles**

> ## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE
>
> **THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**
>
> **CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

### What is ADR?
ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

### Advantages of ADR
- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties): Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

### Disadvantages of ADR
- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial:** ADR does not provide a public trial or decision by a judge or jury.

### Main Types of ADR
1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   **Mediation may be appropriate when the parties**
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   **Mediation may not be appropriate when the parties**
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

## How to Arrange Mediation in Los Angeles County

Mediation for **civil cases** is voluntary and parties may select any mediator they wish.  Options include:

a.  **The Civil Mediation Vendor Resource List**
    If all parties in an active civil case agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases).

- **ADR Services, Inc.** Assistant Case Manager Janet Solis, janet@adrservices.com (213) 683-1600
- **Mediation Center of Los Angeles** Program Manager info@mediationLA.org (833) 476-9145

    **These organizations cannot accept every case and they may decline cases at their discretion.** They may offer online mediation by video conference for cases they accept.  Before contacting these organizations, review important information and FAQs at www.lacourt.org/ADR.Res.List

    **NOTE:  The Civil Mediation Vendor Resource List program does not accept family law, probate, or small claims cases.**

b.  **Los Angeles County Dispute Resolution Programs.**  Los Angeles County-funded agencies provide mediation services on the day of hearings in small claims, unlawful detainer (eviction), civil harassment, and limited civil (collections and non-collection) cases. https://dcba.lacounty.gov/countywidedrp/

    **Online Dispute Resolution (ODR).**  Parties in small claims and unlawful detainer (eviction) cases should carefully review the Notice and other information they may receive about (ODR) requirements for their case.  https://my.lacourt.org/odr/

c.  Mediators and ADR and Bar organizations that provide mediation may be found on the internet.

3.  **Arbitration:**  Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome.  In "binding" arbitration, the arbitrator's decision is final; there is no right to trial.  In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision.  For more information about arbitration, visit https://www.courts.ca.gov/programs-adr.htm

4.  **Mandatory Settlement Conferences (MSC):**  MSCs are ordered by the Court and are often held close to the trial date or on the day of trial.  The parties and their attorneys meet with a judge or settlement officer who does not make a decision but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement.  For information about the Court's MSC programs for civil cases, visit https://www.lacourt.org/division/civil/CI0047.aspx

Los Angeles Superior Court ADR website:  https://www.lacourt.org/division/civil/CI0109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

# VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California County of Los Angeles**



**Los Angeles County Bar Association Litigation Section**

**Los Angeles County Bar Association Labor and Employment Law Section**



**Consumer Attorneys Association of Los Angeles**



**Southern California Defense Counsel**



**Association of Business Trial Lawyers**



**California Employment Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

**◆Los Angeles County Bar Association Litigation Section◆**

**◆ Los Angeles County Bar Association Labor and Employment Law Section◆**

**◆Consumer Attorneys Association of Los Angeles◆**

**◆Southern California Defense Counsel◆**

**◆Association of Business Trial Lawyers◆**

**◆California Employment Lawyers Association◆**

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:      FAX NO. (Optional): <br> E-MAIL ADDRESS (Optional): <br> ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – EARLY ORGANIZATIONAL MEETING** | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following*:

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h.  Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i.  Whether the case is suitable for the Expedited Jury Trial procedures (see information at ***www.lacourt.org*** under "*Civil*" and then under "*General Information*").

2.  The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
<br>              (INSERT DATE)                                  (INSERT DATE)
complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3.  The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____
      (TYPE OR PRINT NAME)

➤ _____
      (ATTORNEY FOR PLAINTIFF)

Date:

_____
      (TYPE OR PRINT NAME)

➤ _____
      (ATTORNEY FOR DEFENDANT)

Date:

_____
      (TYPE OR PRINT NAME)

➤ _____
      (ATTORNEY FOR DEFENDANT)

Date:

_____
      (TYPE OR PRINT NAME)

➤ _____
      (ATTORNEY FOR DEFENDANT)

Date:

_____
      (TYPE OR PRINT NAME)

➤ _____
      (ATTORNEY FOR _____)

Date:

_____
      (TYPE OR PRINT NAME)

➤ _____
      (ATTORNEY FOR _____)

Date:

_____
      (TYPE OR PRINT NAME)

➤ _____
      (ATTORNEY FOR _____)

[ Print ]    [ Save ]    [ Clear ]

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:          FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

| COURTHOUSE ADDRESS: | |
|---|---|
| PLAINTIFF: | |
| DEFENDANT: | |

| | CASE NUMBER: |
|---|---|
| **STIPULATION – DISCOVERY RESOLUTION** | |

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

      i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

      ii. Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

      i. Also be filed on the approved form (copy attached);

      ii. Include a brief summary of why the requested relief should be denied;

**STIPULATION – DISCOVERY RESOLUTION**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

    iii.    Be filed within two (2) court days of receipt of the Request; and

    iv.    Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied.  If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date: _____

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR PLAINTIFF)

Date: _____

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➢ (ATTORNEY FOR _____ )

Date: _____

_____
(TYPE OR PRINT NAME)

➢ (ATTORNEY FOR _____ )

Date: _____

_____
(TYPE OR PRINT NAME)

➢ (ATTORNEY FOR _____ )

           

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:  FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:

   ☐ Request for Informal Discovery Conference
   ☐ Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, <u>briefly</u> describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, <u>briefly</u> describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

Print    Save    Clear

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:   FAX NO. (Optional): | | |
| E-MAIL ADDRESS (Optional): | | |
| ATTORNEY FOR (Name): | | |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES** | | |
| COURTHOUSE ADDRESS: | | |
| PLAINTIFF: | | |
| DEFENDANT: | | |
| **STIPULATION AND ORDER – MOTIONS IN LIMINE** | CASE NUMBER: | |

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

## The following parties stipulate:

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR PLAINTIFF)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR _____)

➢ _____
(ATTORNEY FOR _____)

➢ _____
(ATTORNEY FOR _____)

## THE COURT SO ORDERS.

Date: _____

_____
JUDICIAL OFFICER

      

**FILED**

LOS ANGELES SUPERIOR COURT

MAY 1 1 2011

JOHN A. CLARKE, CLERK

BY NANCY NAVARRO, DEPUTY

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

General Order Re )  ORDER PURSUANT TO CCP 1054(a),
Use of Voluntary Efficient Litigation )  EXTENDING TIME TO RESPOND BY
Stipulations )  30 DAYS WHEN PARTIES AGREE
)  TO EARLY ORGANIZATIONAL
)  MEETING STIPULATION
)

Whereas the Los Angeles Superior Court and the Executive Committee of the

Litigation Section of the Los Angeles County Bar Association have cooperated in

drafting "Voluntary Efficient Litigation Stipulations" and in proposing the stipulations for

use in general jurisdiction civil litigation in Los Angeles County;

Whereas the Los Angeles County Bar Association Litigation Section; the Los

Angeles County Bar Association Labor and Employment Law Section; the Consumer

Attorneys Association of Los Angeles; the Association of Southern California Defense

Counsel; the Association of Business Trial Lawyers of Los Angeles; and the California

Employment Lawyers Association all "endorse the goal of promoting efficiency in

litigation, and ask that counsel consider using these stipulations as a voluntary way to

promote communications and procedures among counsel and with the court to fairly

resolve issues in their cases;"

-1-

ORDER PURSUANT TO CCP 1054(a)

1  Whereas the Early Organizational Meeting Stipulation is intended to encourage
2  cooperation among the parties at an early stage in litigation in order to achieve
3  litigation efficiencies;

4  Whereas it is intended that use of the Early Organizational Meeting Stipulation
5  will promote economic case resolution and judicial efficiency;
6
7  Whereas, in order to promote a meaningful discussion of pleading issues at the
8  Early Organizational Meeting and potentially to reduce the need for motions to
9  challenge the pleadings, it is necessary to allow additional time to conduct the Early
10 Organizational Meeting before the time to respond to a complaint or cross complaint
11 has expired;
12

13 Whereas Code of Civil Procedure section 1054(a) allows a judge of the court in
14 which an action is pending to extend for not more than 30 days the time to respond to
15 a pleading "upon good cause shown";

16 Now, therefore, this Court hereby finds that there is good cause to extend for 30
17 days the time to respond to a complaint or to a cross complaint in any action in which
18 the parties have entered into the Early Organizational Meeting Stipulation.  This finding
19 of good cause is based on the anticipated judicial efficiency and benefits of economic
20 case resolution that the Early Organizational Meeting Stipulation is intended to
21 promote.
22
23

24 IT IS HEREBY ORDERED that, in any case in which the parties have entered
25 into an Early Organizational Meeting Stipulation, the time for a defending party to
26 respond to a complaint or cross complaint shall be extended by the 30 days permitted
27

28

-2-

ORDER PURSUANT TO CCP 1054(a)

by Code of Civil Procedure section 1054(a) without further need of a specific court order.

DATED: *May 11, 2011*

Carolyn B. Kuhl, Supervising Judge of the Civil Departments, Los Angeles Superior Court

-3-

ORDER PURSUANT TO CCP 1054(a)

2019-GEN-014-00

**FILED**
Superior Court of California
County of Los Angeles

MAY 03 2019

Sherri R. Carter, Executive Officer/Clerk
By _____, Deputy
Rizalinda Mina

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

IN RE LOS ANGELES SUPERIOR COURT )
— MANDATORY ELECTRONIC FILING )
FOR CIVIL )
)
)
)

FIRST AMENDED GENERAL ORDER

On December 3, 2018, the Los Angeles County Superior Court mandated electronic filing of all documents in Limited Civil cases by litigants represented by attorneys. On January 2, 2019, the Los Angeles County Superior Court mandated electronic filing of all documents filed in Non-Complex Unlimited Civil cases by litigants represented by attorneys. (California Rules of Court, rule 2.253(b).) All electronically filed documents in Limited and Non-Complex Unlimited cases are subject to the following:

1) DEFINITIONS

   a) **"Bookmark"**  A bookmark is a PDF document navigational tool that allows the reader to quickly locate and navigate to a designated point of interest within a document.

   b) **"Efiling Portal"**  The official court website includes a webpage, referred to as the efiling portal, that gives litigants access to the approved Electronic Filing Service Providers.

   c) **"Electronic Envelope"**  A transaction through the electronic service provider for submission of documents to the Court for processing which may contain one or more PDF documents attached.

   d) **"Electronic Filing"**  Electronic Filing (eFiling) is the electronic transmission to a Court of a document in electronic form. (California Rules of Court, rule 2.250(b)(7).)

1

e) **"Electronic Filing Service Provider"** An Electronic Filing Service Provider (EFSP) is a person or entity that receives an electronic filing from a party for retransmission to the Court. In the submission of filings, the EFSP does so on behalf of the electronic filer and not as an agent of the Court. (California Rules of Court, rule 2.250(b)(8).)

f) **"Electronic Signature"** For purposes of these local rules and in conformity with Code of Civil Procedure section 17, subdivision (b)(3), section 34, and section 1010.6, subdivision (b)(2), Government Code section 68150, subdivision (g), and California Rules of Court, rule 2.257, the term "Electronic Signature" is generally defined as an electronic sound, symbol, or process attached to or logically associated with an electronic record and executed or adopted by a person with the intent to sign the electronic record.

g) **"Hyperlink"** An electronic link providing direct access from one distinctively marked place in a hypertext or hypermedia document to another in the same or different document.

h) **"Portable Document Format"** A digital document format that preserves all fonts, formatting, colors and graphics of the original source document, regardless of the application platform used.

2) MANDATORY ELECTRONIC FILING

a) Trial Court Records

Pursuant to Government Code section 68150, trial court records may be created, maintained, and preserved in electronic format. Any document that the Court receives electronically must be clerically processed and must satisfy all legal filing requirements in order to be filed as an official court record (California Rules of Court, rules 2.100, et seq. and 2.253(b)(6)).

b) Represented Litigants

Pursuant to California Rules of Court, rule 2.253(b), represented litigants are required to electronically file documents with the Court through an approved EFSP.

c) Public Notice

The Court has issued a Public Notice with effective dates the Court required parties to electronically file documents through one or more approved EFSPs. Public Notices containing effective dates and the list of EFSPs are available on the Court's website, at www.lacourt.org.

d) Documents in Related Cases

Documents in related cases must be electronically filed in the eFiling portal for that case type if electronic filing has been implemented in that case type, regardless of whether the case has been related to a Civil case.

3) EXEMPT LITIGANTS

a) Pursuant to California Rules of Court, rule 2.253(b)(2), self-represented litigants are exempt from mandatory electronic filing requirements.

b) Pursuant to Code of Civil Procedure section 1010.6, subdivision (d)(3) and California Rules of Court, rule 2.253(b)(4), any party may make application to the Court requesting to be excused from filing documents electronically and be permitted to file documents by conventional means if the party shows undue hardship or significant prejudice.

4) EXEMPT FILINGS

a) The following documents shall not be filed electronically:

   i)   Peremptory Challenges or Challenges for Cause of a Judicial Officer pursuant to Code of Civil Procedure sections 170.6 or 170.3;

   ii)  Bonds/Undertaking documents;

   iii) Trial and Evidentiary Hearing Exhibits

   iv)  Any ex parte application that is filed concurrently with a new complaint including those that will be handled by a Writs and Receivers department in the Mosk courthouse; and

   v)   Documents submitted conditionally under seal. The actual motion or application shall be electronically filed. A courtesy copy of the electronically filed motion or application to submit documents conditionally under seal must be provided with the documents submitted conditionally under seal.

b) Lodgments

Documents attached to a Notice of Lodgment shall be lodged and/or served conventionally in paper form. The actual document entitled, "Notice of Lodgment," shall be filed electronically.

//

//

5) **ELECTRONIC FILING SYSTEM WORKING PROCEDURES**

Electronic filing service providers must obtain and manage registration information for persons and entities electronically filing with the court.

6) **TECHNICAL REQUIREMENTS**

a) Electronic documents must be electronically filed in PDF, text searchable format **when** technologically feasible without impairment of the document's image.

b) The table of contents for any filing must be bookmarked.

c) Electronic documents, including but not limited to, declarations, proofs of service, and exhibits, must be bookmarked within the document pursuant to California Rules of Court, rule 3.1110(f)(4). Electronic bookmarks must include links to the first page of each bookmarked item (e.g. exhibits, declarations, deposition excerpts) and with bookmark titles that identify the bookedmarked item and briefly describe the item.

d) Attachments to primary documents must be bookmarked. Examples include, but are not limited to, the following:

   i) Depositions;

   ii) Declarations;

   iii) Exhibits (including exhibits to declarations);

   iv) Transcripts (including excerpts within transcripts);

   v) Points and Authorities;

   vi) Citations; and

   vii) Supporting Briefs.

e) Use of hyperlinks within documents (including attachments and exhibits) is strongly encouraged.

f) Accompanying Documents

Each document acompanying a single pleading must be electronically filed as a **separate** digital PDF document.

g) Multiple Documents

Multiple documents relating to one case can be uploaded in one envelope transaction.

h) Writs and Abstracts

Writs and Abstracts must be submitted as a separate electronic envelope.

i) Sealed Documents

If and when a judicial officer orders documents to be filed under seal, those documents must be filed electronically (unless exempted under paragraph 4); the burden of accurately designating the documents as sealed at the time of electronic submission is the submitting party's responsibility.

j) Redaction

Pursuant to California Rules of Court, rule 1.201, it is the submitting party's responsibility to redact confidential information (such as using initials for names of minors, using the last four digits of a social security number, and using the year for date of birth) so that the information shall not be publicly displayed.

7) ELECTRONIC FILING SCHEDULE

a) Filed Date

i) Any document received electronically by the court between 12:00 am and 11:59:59 pm shall be deemed to have been effectively filed on that court day if accepted for filing. Any document received electronically on a non-court day, is deemed to have been effectively filed on the next court day if accepted. (California Rules of Court, rule 2.253(b)(6); Code Civ. Proc. § 1010.6(b)(3).)

ii) Notwithstanding any other provision of this order, if a digital document is not filed in due course because of: (1) an interruption in service; (2) a transmission error that is not the fault of the transmitter; or (3) a processing failure that occurs after receipt, the Court may order, either on its own motion or by noticed motion submitted with a declaration for Court consideration, that the document be deemed filed and/or that the document's filing date conform to the attempted transmission date.

8) EX PARTE APPLICATIONS

a) Ex parte applications and all documents in support thereof must be electronically filed no later than 10:00 a.m. the court day before the ex parte hearing.

b) Any written opposition to an ex parte application must be electronically filed by 8:30 a.m. the day of the ex parte hearing. A printed courtesy copy of any opposition to an ex parte application must be provided to the court the day of the ex parte hearing.

9) PRINTED COURTESY COPIES

a) For any filing electronically filed two or fewer days before the hearing, a courtesy copy must be delivered to the courtroom by 4:30 p.m. the same business day the document is efiled. If the efiling is submitted after 4:30 p.m., the courtesy copy must be delivered to the courtroom by 10:00 a.m. the next business day.

b) Regardless of the time of electronic filing, a printed courtesy copy (along with proof of electronic submission) is required for the following documents:

    i)    Any printed document required pursuant to a Standing or General Order;

    ii)    Pleadings and motions (including attachments such as declarations and exhibits) of 26 pages or more;

    iii)    Pleadings and motions that include points and authorities;

    iv)    Demurrers;

    v)    Anti-SLAPP filings, pursuant to Code of Civil Procedure section 425.16;

    vi)    Motions for Summary Judgment/Adjudication; and

    vii)    Motions to Compel Further Discovery.

c) Nothing in this General Order precludes a Judicial Officer from requesting a courtesy copy of additional documents. Courtroom specific courtesy copy guidelines can be found at www.lacourt.org on the Civil webpage under "Courtroom Information."

10) WAIVER OF FEES AND COSTS FOR ELECTRONICALLY FILED DOCUMENTS

a) Fees and costs associated with electronic filing must be waived for any litigant who has received a fee waiver. (California Rules of Court, rules 2.253(b)(), 2.258(b), Code Civ. Proc. § 1010.6(d)(2).)

b) Fee waiver applications for waiver of court fees and costs pursuant to Code of Civil Procedure section 1010.6, subdivision (b)(6), and California Rules of Court, rule 2.252(f), may be electronically filed in any authorized action or proceeding.

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

1  11) SIGNATURES ON ELECTRONIC FILING

2      For purposes of this General Order, all electronic filings must be in compliance with California

3      Rules of Court, rule 2.257. This General Order applies to documents filed within the Civil

4      Division of the Los Angeles County Superior Court.

5

6          This First Amended General Order supersedes any previous order related to electronic filing,

7      and is effective immediately, and is to remain in effect until otherwise ordered by the Civil

8      Supervising Judge and/or Presiding Judge.

9

10  DATED:  May 3, 2019                

11                                              KEVIN C. BRAZILE
                                                Presiding Judge
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7.