UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 23-06465-MWF (MRWx)  **Date:** December 19, 2023

Title:   William M. Turner v. Porsche Cars North America, Inc. et al.

Present:   The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

Deputy Clerk:  Court Reporter:
Rita Sanchez  Not Reported

Attorneys Present for Plaintiff:  Attorneys Present for Defendants:
None Present  None Present

**Proceedings (In Chambers):**     ORDER RE: PLAINTIFF'S MOTION TO REMAND [15]; DEFENDANTS' MOTIONS TO DISMISS [14, 17]

Before the Court are three Motions:

First is Plaintiff William M. Turner's Motion to Remand (the "Remand Motion"), filed on September 11, 2023. (Docket No. 15). Defendant Porsche Cars North America, Inc. ("Porsche") filed an Opposition on October 6, 2023. (Docket No. 21). Plaintiff filed a Reply on October 16, 2023. (Docket No. 24).

Second is Defendant Porsche's Motion to Dismiss (the "Porsche MTD"), filed on September 5, 2023. (Docket No. 14). Defendant Rusnak/Westlake filed a notice to join the Porsche MTD. (Docket No. 17). Plaintiff filed an Opposition on October 9, 2023. (Docket No. 22). Porsche filed a Reply on October 16, 2023 (the "Porsche Reply"). (Docket No. 25).

Third is Defendant Rusnak/Westlake's Motion to Dismiss (the "Rusnak/Westlake MTD"), filed on September 27, 2023. (Docket No. 17). Plaintiff filed an Opposition on October 9, 2023. (Docket No. 23). Rusnak/Westlake filed a Reply on October 16, 2023 (the "Rusnak/Westlake Reply"). (Docket No. 26).

The Court has read and considered the Motion and held a hearing on **October 30**, **2023**.

The Court rules as follows:

---

**CIVIL MINUTES—GENERAL**                    1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 23-06465-MWF (MRWx)              Date:  December 19, 2023
Title:       William M. Turner v. Porsche Cars North America, Inc. et al.

- The Motion for Remand is **DENIED**.  Plaintiff failed to offer any evidence to show that removal was improper under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d).  Plaintiff also failed to establish that the local controversy exception to CAFA applies.

- The Porsche MTD is **GRANTED** *in part with leave to amend*:

  o With regard to Plaintiff's claim under the Song-Beverly Consumer Warranty Act (the "Song-Beverly Act"), the Porsche MTD is **DENIED**.

  o With regard to Plaintiff's claims under California's False Advertising Law ("FAL"), Unfair Competition Law ("UCL"), and Consumers Legal Remedies Act (the "CLRA"), the Porsche MTD is **GRANTED**. Plaintiff fails to meet the heightened pleading standards under Rule 9(b).  Plaintiff also failed to plead an entitlement to equitable relief as the FAC does not contain allegations of inadequate legal remedies.

  o The Porsche MTD is **DENIED** to the extent it seeks to dismiss Plaintiff's class claims on statutory standing grounds.

- The Rusnak/Westlake MTD is also **GRANTED** *in part with leave to amend*:

  o In regard to Plaintiff's claim under the Song-Beverly Act, the Rusnak/Westlake MTD is **GRANTED**.  The FAC does not sufficiently allege that Rusnak/Westlake failed to repair the purported defects.

  o As for Plaintiff's FAL, UCL, and CLRA claims, the Rusnak/Westlake MTD is **GRANTED** because Plaintiff fails to meet the heightened pleading standards under Rule 9(b).

  o The Rusnak/Westlake MTD is **DENIED** to the extent it seeks to dismiss Plaintiff's class claims.  At this early stage of the proceedings, the Court cannot determine from the face of the FAC or from the lease

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 23-06465-MWF (MRWx)               Date:  December 19, 2023
Title:       William M. Turner v. Porsche Cars North America, Inc. et al.

agreement whether Rusnak/Westlake had superior bargaining power or
whether it would be practical for individual plaintiffs to pursue
individual remedies.

## I.    BACKGROUND

Plaintiff commenced this action in Los Angeles County Superior Court on June
29, 2023.  (Complaint (Docket No. 1-1)).  Plaintiff's claims arise from alleged defects
in his Porsche 2021 Taycan 4S, which he leased from the Rusnak Westlake Porsche
dealership (Rusnak/Westlake).  (*Id.* ¶ 10).  Based on these allegations, the putative
class action Complaint sought relief under the Song-Beverly Act, FAL, UCL, and
CLRA against Porsche.  (*See generally id.*).

On August 8, 2023, Porsche removed this action by invoking the Court's federal
question jurisdiction under the Class Action Fairness Act ("CAFA").  (Notice of
Removal (Docket No. 1) ¶ 18).

On August 24, 2023, Plaintiff filed a FAC.  (Docket No. 9).  While the factual
allegations remained largely the same, the FAC added Rusnak/Westlake, a California
corporation, as a Defendant.  (FAC ¶ 5).

## II.   DISCUSSION

### A.    Request for Judicial Notice

Rusnak/Westlake seeks judicial notice of (1) the lease agreement between
Plaintiff and Rusnak/Westlake, dated May 18, 2021, and (2) a printout from the State
Bar of California's Attorney Search webpage for William M. Turner, Bar No. 199526.
(Request for Judicial Notice ("RJN") (Docket No. 18) at 1).

Because the Court does not rely on these documents in its rulings, the RJN
is **DENIED** *as moot*.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 23-06465-MWF (MRWx)          Date:  December 19, 2023

Title:      William M. Turner v. Porsche Cars North America, Inc. et al.

B.    **Motion for Remand**

Porsche removed this action under federal question jurisdiction under CAFA, which requires that the matter in controversy must exceed $5,000,000, the number of plaintiffs must be 100 or more, and any member of a class of plaintiffs is a citizen of a state different from any defendant.  28 U.S.C. § 1332(d).  "Thus, unlike other civil actions, where there must be complete diversity between named plaintiffs and defendants, CAFA requires only what is termed 'minimal diversity.'"  *Broadway Grill Inc. v. Visa Inc.*, 856 F.3d 1274, 1276–77 (9th Cir. 2017) (quoting 28 U.S.C. § 1332(d)(7)).

Plaintiff appears to concede that CAFA is applicable.  (Remand Motion at 6).  Indeed, CAFA's requirements are met because Plaintiff alleges that he and the class members have suffered $10,000,000 in damages, that the class consists of "thousands of persons," and that Plaintiff and Porsche are residents of California and Delaware, respectively.  (FAC ¶¶ 2, 4, 21, 34).

Nevertheless, Plaintiff argues that remand is proper under CAFA's "local controversy exception."  Under this exception, a district court must decline to exercise jurisdiction where the following requirements are met:

(A)(i) over a class action in which—

(I) greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed;

(II) at least 1 defendant is a defendant—

(aa) from whom significant relief is sought by members of the plaintiff class;

(bb) whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and

---

**CIVIL MINUTES—GENERAL**                                    4

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 23-06465-MWF (MRWx)          Date:  December 19, 2023
Title:     William M. Turner v. Porsche Cars North America, Inc. et al.

> (cc) who is a citizen of the State in which the action was
> originally filed; and
>
> (III) principal injuries resulting from the alleged conduct or any
> related conduct of each defendant were incurred in the State in
> which the action was originally filed; and
>
> (ii) during the 3-year period preceding the filing of that class action, no
> other class action has been filed asserting the same or similar factual
> allegations against any of the defendants on behalf of the same or other
> persons[.]

28 U.S.C. § 1332(d)(4).

"When a plaintiff moves to remand under the local controversy exception to CAFA, the burden shifts to the plaintiff to prove by a preponderance of the evidence that the exception applies to the facts of a given case." *Evangelista v. Just Energy Mktg. Corp.*, No. SACV 17-02270-CJC (SSx), 2018 WL 1026370, at *2 (C.D. Cal. Feb. 21, 2018) (citing *Mondragon v. Capital One Auto Fin.*, 736 F.3d 880, 883 (9th Cir. 2013)). "In determining whether these requirements are satisfied, a federal district court is limited to the complaint." *Id.* (citing *Coleman v. Estes Express Lines*, 631 F.3d 1010, 1012 (9th Cir. 2011)) (internal quotation marks omitted).

Plaintiff's reliance on the local controversy exception rests on allegations in his FAC. As an initial matter, the Court notes that the FAC appears to be untimely under Rule 15 as it was filed after 21 days of service and prior to service of a responsive pleading or motion to dismiss. *See* Fed. R. Civ. P. 15(a)(1).

As for the merits, the Court focuses on the dispositive issue of (1) whether Rusnak/Westlake is a defendant from whom significant relief is sought by the class; (2) whether Rusnak/Westlake's alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and (3) whether Rusnak/Westlake is a citizen of California. (Remand Motion at 8–9). The Court concludes that Plaintiff cannot rely on his post-removal addition of Rusnak/Westlake to invoke the local controversy

---

**CIVIL MINUTES—GENERAL**                                    **5**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 23-06465-MWF (MRWx)          Date:  December 19, 2023
Title:      William M. Turner v. Porsche Cars North America, Inc. et al.

exception.  Two Ninth Circuit cases, *Benko v. Quality Loan Serv. Corp.*, 789 F.3d 1111 (9th Cir. 2015), and *Broadway Grill, Inc. v. Visa Inc.*, 856 F.3d 1274 (9th Cir. 2017), are instructive.

In *Benko*, the plaintiffs sought to amend their complaint to add information related to the local controversy exception, such as "estimates of the percentage of total claims asserted against [the in-state defendant], and the dollar value of those claims." 789 F.3d at 1117.  The Ninth Circuit reasoned that "plaintiffs should be permitted to amend a complaint after removal to clarify issues pertaining to federal jurisdiction under CAFA."  *Id.*

The Ninth Circuit revisited the issue in *Broadway Grill*, where it reversed the district court's decision to remand the case after the plaintiff amended the class definition to eliminate minimal diversity.  856 F.3d at 1276.  Reversing the district court, the Ninth Circuit held that post-removal amendments were generally prohibited. *Id.* at 1279.  The Ninth Circuit clarified that *Benko* created a "small exception" that "allowed amendments for purposes of clarifying the relationship between the parties and the effect of the class claims on particular defendants."  *Id.  Benko* did not, however, "permit plaintiffs to amend their class definition, ***add or remove defendants***, or add or remove claims in such a way that would alter the essential jurisdictional analysis."  *Id.* at 1279.

The issue in this case – whether the Court can consider Rusnak/Westlake, a newly added defendant, when analyzing the local controversy exception – falls squarely within the ambit of *Broadway Grill*.  Plaintiff's amendment goes beyond providing additional details or clarifying some ambiguity in the original Complaint to help the Court determine its jurisdiction under CAFA; instead, the FAC added an entirely new defendant.

While Plaintiff can certainly seek relief against Rusnak/Westlake, he must do so in federal court as he cannot expect the Court to consider his amendment when conducting its jurisdictional analysis.  *See id.*  The overwhelming weight of persuasive authority supports this view, and the Court is unaware of any case law in which a court considered a newly added defendant for CAFA jurisdictional purposes.  *See, e.g.,*

_____

**CIVIL MINUTES—GENERAL**                                          **6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 23-06465-MWF (MRWx)                Date:  December 19, 2023
Title:      William M. Turner v. Porsche Cars North America, Inc. et al.

*Navarro v. SmileDirectClub, Inc.*, No. 22-cv-00095-WHO, 2022 WL 1124594, at *6
(N.D. Cal. Apr. 15, 2022) (concluding that a newly joined defendant could not serve as
the basis of the local controversy exception); *Clark v. WorldMark, The Club*, 1:18-cv-
01661-LJO-JLT, 2019 WL 1023887, at *7 (E.D. Cal. Mar. 4, 2019) (permitting
amendments that would "amplify the nature of the allegations" to aid the court in its
CAFA jurisdictional analysis but prohibiting the alteration of class composition or
naming of additional defendants).

Without relying on his post-removal amendments, Plaintiff cannot establish that
Rusnak/Westlake's conduct form a significant basis for the claims asserted by the
proposed plaintiff class.  Therefore, the Court need not address whether Plaintiff has
satisfied the other prongs of the local controversy exception.

Accordingly, the Remand Motion is **DENIED**.

C.     **Motions to Dismiss**

1.  **Local Rule 7-12**

As an initial matter, Defendants contend that the Court should grant the Porsche
MTD and Rusnak/Westlake MTD based on Plaintiff's allegedly untimely filing of his
Oppositions.  (Porsche Reply at 1–2; Rusnak/Westlake Reply at 1–2).  "The failure to
file any required document, or the failure to file it within the deadline, may be deemed
consent to the granting or denial of the motion."  Local Rule 7-12.

Here, the hearing date for the Porsche MTD and Rusnak/Westlake MTD were
set for October 30, 2023.  Accordingly, Plaintiff's Oppositions were due by October 9,
2023, or within twenty-one days of the hearing date.  *See* Local Rule 7-9.  Because
October 9 was a federal holiday, however, Defendants contend that the Oppositions
were due October 6.  Even if the Local Rules were construed as Defendants suggest —
and often parties do not — the Court has no intention of basing its ruling on such a
minor point.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 23-06465-MWF (MRWx)          Date:  December 19, 2023
Title:     William M. Turner v. Porsche Cars North America, Inc. et al.

2.  **Song-Beverly Act Claim**

"The Song–Beverly Act is a remedial statute designed to protect consumers who have purchased products covered by an express warranty." *Robertson v. Fleetwood Travel Trailers of Cal., Inc.*, 144 Cal. App. 4th 785, 798, 50 Cal. Rptr. 3d 731 (2006). To prevail on a claim under the statue, a plaintiff must show the following: "(1) the product had a defect or nonconformity covered by the express warranty; (2) the product was presented to an authorized representative of the manufacturer for repair; and (3) the manufacturer or its representative did not repair the defect or nonconformity after a reasonable number of repair attempts." *Id.* at 798–99 (citation omitted).

Defendants contend that the FAC fails to allege a claim under the Song-Beverly Act for four reasons, only one of which the Court finds persuasive:

*First*, Defendants contend that Plaintiff fails to identify any express warranties made by either Porsche or Rusnak/Westlake that are applicable to this action.  (Porsche MTD at 5; Rusnak/Westlake MTD at 12).  Plaintiff's Opposition does not dispute this argument.  (Opp. to Porsche MTD at 11–14).  However, the FAC sufficiently alleges that Defendants' website described the vehicle as having a cockpit display, Apple CarPlay, air conditioning/heating, mobile phone application, and Smart Lift system. (FAC ¶ 10).  Plaintiff therefore sufficiently identified "the particular commercial or advertisement upon which he relied and [] describe[d] with the requisite specificity the content of that particular commercial or advertisement." *Cadena v. Am. Honda Motor Co., Inc.*, No. CV 18-4007-MWF (PJWx), 2018 WL 8130613, at *7 (C.D. Cal. Nov. 14, 2018) (citation omitted)).

*Second*, Defendants argue that Plaintiff does not plead any specific defects in his car.  (Porsche MTD at 6–8).  Rather, according to Defendants, the FAC pleads "symptoms" of a defect.  (*Id.* at 7–8).  This argument is unpersuasive.

"In the context of product defect claims, district courts in the Ninth Circuit have often held that a complaint provides fair notice of the defect if it (1) identifies the particular part or system affected by the defect, and (2) describes the problems

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 23-06465-MWF (MRWx)          Date:  December 19, 2023**

Title:      William M. Turner v. Porsche Cars North America, Inc. et al.

allegedly caused by the defect."  *Clark v. Am. Honda Motor Co., Inc.*, 528 F. Supp. 3d
1108, 1115 (C.D. Cal. 2021).  Here, the FAC identifies his vehicle's computer system,
which includes his Apple CarPlay, dashboard, wireless charging, Smart Lift system,
and heating system, as defective.  (FAC ¶¶ 13–14, 18).  The FAC also describes the
specific problems caused by the defect as follows:

> Plaintiff was hopeful when he took the car in for the recall because,
> since he had gotten the car: (1) sometimes Apple CarPlay did not work
> at all; (2) frequently the part of the dashboard that was supposed to
> display Apple CarPlay, the radio, the controls for the car, etc. remained
> blank/black for the entire drive; (3) when Apple CarPlay worked, 95%
> of the time it took more than 60 seconds to connect, and 20% of the
> time, it took more than five minutes to connect; (4) it frequently took
> several minutes for Plaintiff to be able to use the radio; (5) Plaintiff's
> "favorites" for radio stations were repeatedly deleted, requiring that
> Plaintiff reset them as "favorites"; (6) the wireless charging frequently
> did not work, and, when it did work, it took two to 20 minutes for
> charging to start; and (7) the Smart Lift system frequently did not work,
> resulting in the car scraping the ground (potentially causing damage to
> the car).
>
> . . .
>
> When Plaintiff attempted to heat the car, by regular air conditioning or
> defrost, it blew cold air.

(*Id.*).  Such allegations are sufficient to plead that Plaintiff's car had a defect.  *See id.*
(finding allegations that a miscommunication between a vehicle's computers and
software rendering it unable to safely accelerate and maintain speeds sufficient at the
motion to dismiss stage).

     ***Third***, Defendants contend that the FAC does not allege that Defendants failed
to repair the purported defects after a reasonable number of attempts.  (Porsche MTD
at 8–9; Rusnak/Westlake MTD at 12–13).  "To constitute a 'reasonable number of

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 23-06465-MWF (MRWx)              Date:  December 19, 2023
Title:      William M. Turner v. Porsche Cars North America, Inc. et al.

repair attempts,' a plaintiff must present the vehicle to the manufacturer or seller more than once, complaining of the same defect each time." *Treuhaft v. Mercedes-Benz USA, LLC*, No. CV 20-11155-SVW (GJSx), 2021 WL 2864877, at *3 (C.D. Cal. July 6, 2021).

As to Porsche specifically, the FAC alleges that Plaintiff brought in his vehicle at least three times to repair his vehicle's computer system.  (FAC ¶¶ 14–17).  Plaintiff also alleges that he sought repairs for his heating system but was told that the problem could not be fixed for several months and that Porsche refused to offer any alternative solutions.  (*Id.* ¶¶ 18–19).  Taking all inferences in Plaintiff's favor, as the Court must do at this stage, these allegations are sufficient as to Porsche.

However, it is unclear from the FAC whether Plaintiff sought repairs from Rusnak/Westlake specifically or from a different Porsche dealership.  (*See* Rusnak/Westlake MTD at 13).  This lack of clarity is underscored by the fact that Plaintiff called **Rusnak/Pasadena** to schedule a repair for his heating system.  (*Id.* ¶ 18).  Accordingly, the Beverly-Song claim against Rusnak/Westlake is insufficiently pled on this ground.

**Fourth**, Rusnak/Westlake contends that it cannot be sued under the Song-Beverly Act because the statute only applies to manufacturers of consumer goods.  (Rusnak/Westlake MTD at 12).  Contrary to Rusnak/Westlake's assertion, however, the statute applies to "manufacturers, distributors and retailers who make express warranties."  *Nat'l R.V., Inc. v. Foreman*, 34 Cal. App. 4th 1072, 1080, 40 Cal. Rptr. 2d 672 (1995); *see also Fish v. Tesla, Inc.*, 2022 WL 1552137, at *11 ("The Song-Beverly Act's express warranty protections apply to only buyers of consumer goods purchased from a 'retail seller'—i.e., someone in the business of manufacturing, distributing, *or selling* products to retail buyers." (emphasis added)).

Accordingly, the Porsche MTD is **DENIED** as to Plaintiff's Song-Beverly Act Claim.  However, the Rusnak/Westlake MTD is **GRANTED** because the FAC does not allege that Rusnak/Westlake specifically failed to repair the purported defects.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 23-06465-MWF (MRWx)          Date:  December 19, 2023
Title:     William M. Turner v. Porsche Cars North America, Inc. et al.

### 3.  FAL, UCL, and CLRA Claims

Defendants argue that the Court should dismiss Plaintiff's FAL, UCL, and
CLRA claims on several grounds.  The Court discusses each of Defendants' arguments
in turn.

#### a.  Standing

Defendants first contend that Plaintiff failed to demonstrate that he has statutory
standing.  (Porsche MTD at 17–18).  In so arguing, Defendants rely on the FAC's
allegation that, after the third recall, most of the problems with Plaintiff's car were
"completely, or nearly completely, resolved."  (FAC ¶ 17).

"To establish standing under the UCL, FAL, and CLRA, a plaintiff must allege
that he or she suffered an 'injury in fact' and 'has lost money or property' as a result of
a defendant's alleged conduct."  *Lorentzen v. Kroger Co.*, 532 F. Supp. 3d 901, 909 n.4
(C.D. Cal. Apr. 2, 2021).

Here, the FAC sufficiently alleges that Plaintiff was injured by the defects
because, although many of the defects were fixed after the third recall, the issues with
his vehicle's radio, Apple CarPlay, and Smart Lift system persisted.  (*Id.*).  Moreover,
his heating system stopped working after the third recall in the winter of 2022–2023.
(*Id.* ¶ 18).  The FAC suggests that two injuries arose as a result: (1) Plaintiff feeling
"frustrated" by the situation and "uncomfortable" when driving in the cold winter
months, and (2) Plaintiff paying full price for a car that continued to have defects.  (*Id.*
¶¶ 17–18).  While the first category of damages fails to confer standing, the second
category is sufficient since Plaintiff plausibly alleges that he "overpaid" for his
defective vehicle.  *See In re Toyota Motor Corp.*, 790 F. Supp.2d 1152, 1164–65 (C.D.
Cal. 2011) (holding that general allegations of overpayment for defective vehicles were
sufficient because "defective cars are not worth as much as defect-free cars").

Contrary to Defendants' assertion, *Peckerar v. Gen. Motors, LLC*, No. ED CV
18-2153-DMG (SPx), 2020 WL 5289919 (C.D. Cal. May 27, 2020) is inapplicable.
There, the district court held that the plaintiffs did not suffer a cognizable injury

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 23-06465-MWF (MRWx)          Date:  December 19, 2023
Title:      William M. Turner v. Porsche Cars North America, Inc. et al.

because "the economic loss injury based on the vehicle's decreased value no longer
exists if [the defendant] has, through the recall, offered to remove the complained-of
defect free of charge." *Id.* at *2.  Moreover, the plaintiffs could not allege that they
had availed themselves of previous recall repairs since the manufacturer offered the
recall ***after*** the complaint was filed.  *Id.*  But this action is distinguishable because the
FAC alleges that Plaintiff availed himself of multiple recall repairs but continued to
experience defects in his vehicle.

Accordingly, the FAC sufficiently alleges standing.

### b. Adequacy of Legal Remedies

Next, Defendants argue that Plaintiff has failed to plead an entitlement to
equitable relief, such as restitution, compensatory damages, and punitive damages,
because the FAC does not allege that legal remedies are inadequate.  (Porsche MTD
19–20).  The Court agrees.

While Plaintiff is permitted to seek alternative remedies at the pleadings stage,
he has not even attempted to allege that equitable remedies are warranted because he
lacks an adequate remedy at law.  *See Sonner v. Premier Nutrition Corp.*, 971 F.3d
834, 844 (9th Cir. 2020) (A plaintiff "must establish that she lacks an adequate remedy
at law before securing equitable restitution for past harm under the UCL and CLRA.").
While the Court does not typically require parties to plead magic words to survive
dismissal, this Court has interpreted the Ninth Circuit's guidance on this particular
issue as, at the very least, requiring a simple allegation that legal remedies are
inadequate in order to state an equitable claim for relief.  *See Guthrie v. Transamerica
Life Ins. Co*., 561 F. Supp. 3d 869, 875 (N.D. Cal. 2021) (collecting cases for the
proposition that the Ninth Circuit requires plaintiffs to, "at a minimum, plead that
[they] lack adequate remedies at law if [they] seek equitable relief").

Accordingly, the Porsche MTD is **GRANTED *with leave to amend*** as to
Plaintiff's claims for equitable relief.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 23-06465-MWF (MRWx)          Date:  December 19, 2023
Title:     William M. Turner v. Porsche Cars North America, Inc. et al.

## c. Sufficiency of Misrepresentation/Omission Allegations

As a threshold matter, Defendants contend that Plaintiff's FAL, UCL, and
CLRA claims are fraud-based claims that must meet the heightened pleading standards
under Rule 9.  (Porsche MTD at 9–11).  Defendants are correct.  *See Kearns v. Ford
Motor Co.*, 567 F.3d 1120, 1125–27 (9th Cir. 2009) (applying Rule 9(b) to UCL and
CLRA claims); *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1102–06 (9th Cir.
2003) (applying Rule 9(b) to FAL claim).

As to the underlying merits of the claims, Defendants argue that Plaintiff failed
to allege his claims with the requisite specificity.  (*Id.*).  "Rule 9(b) demands that, when
averments of fraud are made, the circumstances constituting the alleged fraud be
specific enough to give defendants notice of the particular misconduct so that they can
defend against the charge[.]"  *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106
(9th Cir. 2003) (internal citations omitted).  Under Rule 9(b), fraud allegations must
include the "time, place, and specific content of the false representations as well as the
identities of the parties to the misrepresentations."  *Swartz v. KPMG LLP*, 476 F.3d
756, 764 (9th Cir. 2007) (citing *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th
Cir. 2004)).  In other words, "[a]verments of fraud must be accompanied by 'the who,
what, when, where, and how' of the misconduct charged."  *Vess*, 317 F.3d at 1106.
Such averments must be specific enough to "give defendants notice of the particular
misconduct . . . so that they can defend against the charge and not just deny that they
have done anything wrong."  *Id*. (quoting *Bly-Magee v. California*, 236 F.3d 1014,
1019 (9th Cir. 2001)).

Based on the face of the FAC and the Opposition, Plaintiff appears to be
pursuing both a misrepresentation and fraud-by-omission theory because certain
features of the 2020 and 2021 Taycan models did not work at all or work as well as
advertised.  (FAC ¶ 10–13; *see also* Opp. to Porsche MTD at 9).  The only possible
misrepresentations or omissions alleged in the FAC are (1) advertisements on the
Porsche USA and Rusnak/Westlake websites concerning the features on the 2020 and
2021 Taycans viewed by Plaintiff in April 2021, and (2) statements made by

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 23-06465-MWF (MRWx)            Date:  December 19, 2023
Title:      William M. Turner v. Porsche Cars North America, Inc. et al.

Rusnak/Westlake employees on May 18, 2021.  (FAC ¶¶ 10–11).  The Court discusses the misrepresentation theory and fraud-by-omission theory in turn.

Under a misrepresentation theory, Plaintiff's allegations regarding the advertisements on Defendants' respective websites satisfy the pleading requirements under Rule 9(b).  The allegations provide the who (Plaintiff), the what (misrepresenting information about certain features, such as the cockpit display, Apple CarPlay, air conditioning/heating, mobile phone application, and Smart Lift system), the when (sometime in April 2021), and the where and how (on Porsche's website and Rusnak/Westlake's website).  (FAC ¶ 10). The FAC also informs the Court that the advertisements were misleading because the features "did not work [at all] or work sufficiently well." (*Id.* ¶¶ 10–13).

However, the FAC provides no details about what the Rusnak/Westlake employees actually said to Plaintiff.  While Plaintiff is not required to provide a transcription of his conversation with the employees, he must at least allege sufficient details to put Defendants on notice as to the specific representations that underpins his fraud claims. *Nabors v. Google, Inc.*, No. 5:10-CV-03897 EJD, 2011 WL 3861893, at *4 (N.D. Cal. Aug. 30, 2011) ("[Plaintiff] must identify the particular commercial or advertisement upon which he relied and must describe with the requisite specificity the content of that particular commercial or advertisement.").  To merely allege that the employees "repeated [the] above-referenced representations concerning the 2021 Taycan 4S" is not enough.  (*See* FAC ¶ 11).

Under an omission theory, Plaintiff's burden under Rule 9(b) is "somewhat relaxed because 'a plaintiff cannot plead either the specific time of an omission or the place, as he is not alleging an act, but a failure to act.'"  *Clark*, 528 F. Supp. 3d at 1122–23.  A fraud-by-omission claim requires a plaintiff to demonstrate that:

> (1) the defendant must have concealed or suppressed a material fact;
> (2) the defendant must have been under a duty to disclose the fact to the plaintiff; (3) the defendant must have intentionally concealed or suppressed the fact with intent to defraud the plaintiff; (4) the plaintiff must have been unaware of the fact and would have acted otherwise if

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 23-06465-MWF (MRWx)          Date:  December 19, 2023**
Title:       William M. Turner v. Porsche Cars North America, Inc. et al.

he had known of the concealed or suppressed fact; and (5) as a result
of the concealment or suppression of the fact, the plaintiff sustained
damage.

*Id.* at 1122 (citing *Boschma v. Home Loan Center, Inc.*, 198 Cal. App. 4th 230, 248,
129 Cal. Rptr. 3d 874 (2011)).

Under the first prong, "omitted information is material if a plaintiff can allege
that, 'had the omitted information been disclosed, one would have been aware of it and
behaved differently.'" *Ehrlich v. BMW of N. Am., LLC*, 801 F. Supp. 2d 908, 916
(C.D. Cal. 2010) (citing *Mirkin v. Wasserman*, 5 Cal. 4th 1082, 1093, 23 Cal. Rptr. 2d
101, (1993)).  "Materiality is viewed from the prospective of the reasonable
consumer." *Id.* (citation omitted).

Here, Plaintiff's allegation that he entered into the lease based on Defendants'
representations is insufficient to establish materiality.  (*See* FAC ¶ 11).  The FAC
alleges that Plaintiff found the defects "frustrating" but that he still enjoyed the way the
car drove.  (*Id.* ¶¶ 14–15, 18).  Such allegations are distinguishable from claims where
an omission created an "unreasonable safety risk" that would be material to any
reasonable consumer.  *See, e.g.*, *Ehrlich*, 801 F. Supp. 2d at 918 (finding allegations of
a defective windshield material because the plaintiff alleges that "in a roll-over
accident, the windshield [could] become dislodged, compromising roof-crush
resistance and causing serious head and neck injuries, failure of the passenger side
airbag to deploy, or the ejection of passengers from the vehicle); *Carrillo v. BMW of N.
Am.*, 2020 WL 12028896, at *5 (C.D. Cal. June 8, 2020) (finding an engine defect
material). Therefore, based on the face of the FAC, it is unclear whether a reasonable
consumer would have found the defects described as material.

Accordingly, the Porsche MTD is **GRANTED *with leave to amend*** as to
Plaintiff's claims under the FAL, UCL, and CLRA.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 23-06465-MWF (MRWx)          Date:  December 19, 2023
Title:    William M. Turner v. Porsche Cars North America, Inc. et al.

### 4.  Class Claims

#### a.  Standing

Defendants contend that Plaintiff lacks standing to pursue claims on behalf of the putative class who purchased a 2020 Taycan model because Plaintiff alleges that he leased a 2021 Taycan but does not allege that the 2020 Taycan had similar defects as Plaintiff's 2021 model.  (Porsche MTD at 18–19).

"The 'prevailing view' in the Ninth Circuit is that class action plaintiffs can bring claims for products they did not purchase "'as long as the products and alleged misrepresentations are substantially similar.'"  *Cordes v. Boulder Brands USA, Inc.*, No. CV 18-6534 PSG (JCx), 2018 WL 6714323, at \*5 (C.D. Cal. Oct. 17, 2018) (citations omitted).  Courts "often postpone[] the inquiry into whether the products and misrepresentations are substantially similar until the class certification stage," unless the complaint fails to include *any* allegation regarding the non-purchased product.  *Id.* (citation omitted).

Defendants rely on *Cordes*, in which the complaint was "completely silent" as to the unpurchased product.  *Id.*  But unlike in *Cordes*, Plaintiff's FAC makes mention of the defects in the 2020 model.  For example, the FAC alleges that a service employee told Plaintiff that his experiences with the defects of his vehicle's Apple CarPlay, dashboard, wireless charging, and Smart Lift systems were "typical of the experiences of the other *2020* and 2021 Taycan owners/lessees."  (FAC ¶ 16 (emphasis added)).  Taking all inferences in Plaintiff's favor, the Court thus finds that the FAC plausibly alleges that he has standing to bring class claims for the 2020 Taycan model.

Accordingly, the Porsche MTD is **DENIED** as to Plaintiff's class claims.

#### b.  Class Action Waiver

With respect to Rusnak/Westlake specifically, the dealership argues that Plaintiff waived his right to bring class claims regarding his lease with Rusnak/Westlake.  (Rusnak/Westlake MTD at 6).  Plaintiff does not dispute that his lease agreement with

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 23-06465-MWF (MRWx)                Date:  December 19, 2023
Title:      William M. Turner v. Porsche Cars North America, Inc. et al.

Rusnak/Westlake contained a class action waiver but contends that the waiver is unconscionable and therefore unenforceable under the test articulated by the California Supreme Court in *Discover Bank v. Superior Court*, 36 Cal. 4th 148, 162–63, 30 Cal. Rptr. 3d 76 (2005).  (Opp. to Rusnak/Westlake MTD at 11).

To determine whether a class action waiver is unconscionable in the consumer setting, courts consider three factors:

> (1) whether the agreement is a "consumer contract of adhesion" drafted by a party that has superior bargaining power; (2) whether the agreement occurs "in a setting in which disputes between the contracting parties predictably involve small amounts of damages"; and (3) whether "it is alleged that the party with the superior bargaining power has carried out a scheme to deliberately cheat large numbers of consumers out of individually small sums of money."

*In re DirecTV Early Cancellation Litig.*, 738 F. Supp.2d 1062, 1080 (C.D. Cal. Sept. 7, 2010) (citation omitted).

Courts are generally reluctant to dismiss class allegations this early in the litigation.  *See, e.g.*, *Underwood v. Future Income*, No. SA CV 17-1570-DOC (DFMx), 2018 WL 4964333, *6 (C.D. Cal. Apr. 26, 2018) ("It is rare to strike class allegations before discovery has started." (citation omitted)).  This reluctance is because whether a class action waiver is unconscionable "depends on the facts and circumstances developed during the course of litigation."  *Douglas v. U.S. Dist. Court*, 495 F.3d 1062, 1068 (9th Cir. 2007) (per curiam) (finding that the district court erred in concluding that a class action waiver was enforceable as a matter of law); *see also Chung v. Carinal Corp.* 553 F. Supp. 3d 775, 793 (C.D. Cal. 2021) ("[A]t the pleading stage, where there appears to be a factual dispute regarding context . . . the better practice is to have the issue addressed on a complete factual record.  The issue is better raised in the context of a motion for summary adjudication.").

Here, it cannot be determined from the face of the FAC whether Rusnak/Westlake had superior bargaining power or whether it would be practical for

_____

CIVIL MINUTES—GENERAL                                              17

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 23-06465-MWF (MRWx)          **Date:** December 19, 2023
Title:      William M. Turner v. Porsche Cars North America, Inc. et al.

individual plaintiffs to pursue individual remedies.  The Court therefore declines to reach the issue of the class action waiver at this early stage.

Accordingly, the Rusnak/Westlake MTD is **DENIED** to the extent it seeks to dismiss Plaintiff's class claims.

## III.  <u>CONCLUSION</u>

For the foregoing reasons, the Court rules as follows:

- The Motion for Remand is **DENIED**.

- The Porsche MTD is **GRANTED** *in part with leave to amend*.

- The Rusnak/Westlake MTD is **GRANTED** *in part with leave to amend*.

Plaintiff may file a Second Amended Complaint ("SAC") by no later than **January 16, 2024**.  Defendant shall file an Answer or respond to the SAC, if filed, by no later than **February 5, 2024**.  While there may be a Second Amended Complaint, there will be no Third.  Any future successful motion to dismiss shall be granted without leave to amend.

IT IS SO ORDERED.